**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-30552
(Summary Calendar)

_____

THOMAS P. RAGAS,

                                                        Plaintiff-Appellant,

versus

CHEVRON, USA, INC.,

                                                        Defendant-Appellee.

versus

TRAVELERS INSURANCE COMPANY

                                                        Intervenor-Plaintiff-Appellant

_____

Appeal from United States District Court
for the Eastern District of Louisiana
(CA-91-4251-E)

_____

July 5, 1996

Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Thomas P. Ragas appeals from the district court's judgment in favor of defendant Chevron,

USA, INC. ("Chevron") in his action for negligence under the Outer Continental Shelf Lands Act

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

(OCSLA), 43 U.S.C. §1331 et seq. Ragas argues that the district court incorrectly applied Louisiana negligence law rather than the Longshore and Harbor Workers' Compensation Act ("LHWCA"), which is incorporated into the OCSLA as the workers' compensation provision at 43 U.S.C. §1333(3)(b) (1978). Ragas also argues that the district court committed clear error in finding that Chevron was not negligent. Finding no errors, we AFFIRM the district court's decision.

BACKGROUND

Ragas is a certified crane mechanic who was employed by Weatherford International, Inc. Chevron periodically hired Weatherford to perform inspections, testing, repairs, and maintenance work on cranes located on several stationary platforms in the Gulf of Mexico on the Outer Continental Shelf of the United States off the Coast of Venice, Louisiana. As Ragas was completing a quarterly inspection of one such crane -- a job that itself generates a great deal of grease -- he claims his left foot slipped from the seven-foot ladder that leads up to the crane and he fell approximately five feet to the main deck of the platform, injuring his knees. At trial, Ragas argued that Chevron was negligent in failing to provide an assistant to help him clean up grease in the course of his work, and strictly liable under La. Civ. C. Art. 2317 because the ladder from which he slipped did not comply with applicable safety standards.

DISCUSSION

Ragas argues that Louisiana state law, which requires a lower standard of care than federal law, preempted federal law in the decision below, and that such preemption is prohibited by the OCSLA. Not only is this issue of LHWCA raised for the first time on appeal, it is contrary to the

theory of liability that Ragas himself argued to the district court. Ragas argued below that Chevron was liable under Louisiana state law.

Legal issues raised for the first time on appeal need not be considered unless failure to do so would result in manifest injustice. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). The district court did not err in applying Louisiana state law as the "surrogate federal law" because "federal law, supplemented by state law of the adjacent state" is the law to be applied in actions governed by the OCSLA. *Rodrigue v. Aetna Casualty Co.*, 395 U.S. 352, 355, 89 S. Ct. 35, 23 L. Ed. 2d 360 (1969). Not only was the application of Louisiana state law proper under 43 U.S.C. §1333(a)(2)(A) (1978), the application of the LHWCA in Ragas case would have been improper. The LHWCA establishes a federal workers' compensation program for longshore and harbor workers injured or killed in work-related accidents. 33 U.S.C. § 903 (a); *Couch v. Cro-Marine Transport, Inc.*, 44 F.3d 319, 323 (5th Cir. 1995). The LHWCA does not cover those individuals who are only temporarily doing business on the premises of an employer, and it only covers those engaged in longshoring operations or harbor workers. 33 U.S.C. §902(3) (1984). Ragas was not a longshoreman or harbor worker at the time of the accident, and he is seeking a tort remedy against a third party, not a workers' compensation claim against his employer. Thus, Ragas is not covered by the LHWCA, the district court did not err in applying Louisiana tort law, and there was no manifest injustice that would justify our considering this issue raised for the first time on appeal.

Ragas also argues that the district court's finding that Chevron did not breach its duty of care was clearly erroneous because the court's evaluation of the expert testimony was "cursory and dismissive." Unless this court is left with the definite and firm conviction that a mistake has been committed, we must accept the trial court's findings of fact because an appellate Court is in no

3

position to weigh conflicting evidence and inferences or to determine the credibility of witnesses. *Dardar v. La Fourche Realty Co., Inc.*, 985 F.2d 824, 827 (5th Cir. 1993). Accordingly, "when a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." *Anderson v. City of Bessemer City*, 470 U.S. 564, 575, 105 S. C. 1504, 84 L. Ed. 2d 518 (1985).

The district court, after weighing the evidence found that Ragas failed to prove the essential elements of his negligence and strict liability claim, and found that Ragas' testimony lacked credibility. The court expressly considered the expert testimony and found that the minor construction defects alleged by Ragas did not present an unreasonably dangerous condition and in any case were irrelevant to the circumstances of Ragas' slip-and-fall accident. The court further found that Ragas' argument that an assistant should have been present to wipe grease off each rung of the ladder belied reason and common sense because Ragas himself could use rags to wipe off either his shoes or the ladder or both prior to ascending or descending. Thus the district court did not clearly err in finding that Chevron did not breach any duty of care to Ragas. AFFIRMED.